IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA TINDLE, as the Wife of JAMES TINDLE and as Plaintiff Ad Litem for JAMES TINDLE, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 2:14-CV-04061-NKL<br>) |
| v. | )<br>) |
| MODINE MANUFACTURING COMPANY, | )<br>)<br>) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Lisa Tindle's motion to remand. [Doc. # 11]. For the reasons set forth below, Tindle's motion to remand is DENIED.

**I.      Background**

Plaintiff is the widow of James Tindle, who is alleged to have died from multiple myeloma that developed as a result of his exposure to a variety of harmful substances while he was employed at a manufacturing plant located in Jefferson City, Missouri that is owned and operated by Defendant Modine Manufacturing Company. Plaintiff's five-count petition for damages, originally filed in Missouri state court, asserts claims for premises liability, negligence, fraudulent concealment, wrongful death as permitted by Mo. Rev. Stat. § 537.080, and punitive damages. Plaintiff is a resident of Missouri and Defendant is a Wisconsin corporation with its principal place of business in Wisconsin.

1

On March 10, 2014, Defendant removed this case on the basis of diversity jurisdiction. On April 4, 2014, all proceedings in this case were stayed pending the resolution of Plaintiff's motion to remand.

## II. Discussion

It is undisputed that complete diversity exists and that the amount in controversy exceeds the jurisdictional minimum, such that the requirements of federal diversity jurisdiction are met. *See* 28 U.S.C. § 1332. Plaintiff argues, however, that removal of this case is barred by § 1445(c), which states, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." If this section applies, the case is not removable "even if it presents a federal question or there is diversity." *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995). Thus, the sole question presented on this motion is whether Plaintiff's claims arise under Missouri's workers' compensation laws.

In *Humphrey*, the Eighth Circuit held that a claim for retaliatory discharge under Mo. Rev. Stat. § 287.780 (1994) " 'arose under' Missouri's workers' compensation laws because the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how § 287.870 is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed upon the face of the complaint." *Id.* at 1240, 1246. In reaching this conclusion, the court ruled that "where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of

2

that state." *Id.* at 1246. The court also distinguished the retaliation claim at issue from the one considered in *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722 (7th Cir. 1994), in which the Seventh Circuit held that the plaintiff's claim for retaliatory discharge did not arise under Illinois' workers' compensation laws for the purposes of section 1445(c). The *Humphrey* court found *Spearman* distinguishable because, in that case, "the Seventh Circuit specifically explained that the plaintiff's fault-based retaliatory discharge claim was not embodied in the Illinois statutory workers' compensation scheme, but rather derived from the state's common law." *Humphrey*, 58 F.3d at 1245 (citing *Spearman*, 16 F.3d at 725).

In the present case, Plaintiff's petition does not seek to enforce a specific right of action created by Missouri's workers' compensation laws and in fact makes no reference to any provision of Missouri's workers' compensation laws. Instead, Plaintiff asserts a number of common law theories of tort liability that exist independent of any statutory cause of action. *See* [Doc. # 1-1 at 4-13]. It is thus clear from the face of Plaintiff's petition that she is asserting common law tort claims, which cannot be said to arise under Missouri's workers' compensation laws and therefore may be removed. *See, e.g.*, *Meisinger v. Specialty Risk Servs.*, No. 10-0866-CV-W-SOW, 2010 WL 8354692, at *3 (W.D. Mo. Nov. 19, 2010) ("[I]f the claim is not expressly provided for in a state's workers' compensation statute, but is fashioned by the courts from a state's common law, the claim *does not* 'arise under' the state's workers' compensation laws and therefore can be removed."); *Hanna v. Fleetguard, Inc.*, 900 F. Supp. 1110, 1118 (N.D. Iowa 1995) (same). Although Plaintiff could have elected to pursue this action under Missouri's

3

workers' compensation laws, *see, e.g.*, *Amesquita v. Gilster-Mary Lee Corp.*, 408 S.W.3d 293, 301 (Mo. Ct. App. 2013), she instead chose to assert claims premised on common law tort liability. Consequently, no right established by Missouri's workers' compensation laws is an essential element of Plaintiff's cause of action and section 1445(c) does not bar the removal of this case.

## III. Conclusion

For the foregoing reasons, Tindle's motion to remand, [Doc. # 11], is DENIED. It is further ORDERED that the parties' Rule 26 conference shall be completed by April 28, 2014 and a proposed scheduling order shall be submitted by May 5, 2014.

/s Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 15, 2014
Jefferson City, Missouri